# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3750 | **DATE** | 5/29/2012 |
| **CASE TITLE** | Siemens Transformadores S.A. de C.V. vs. Soo Line Railroad Co. | | |

**DOCKET ENTRY TEXT**

Defendant's motion for reconsideration [#31] is denied. See statement below.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

   Siemens Transformadores S.A. de C.V. ("Siemens") filed suit to recover damages to a transformer that Soo Line Railroad Company, which does business as Canadian Pacific Railway ("Canadian Pacific"), carried between Texas and Ontario. On March 7, 2012, the court granted Siemens's motion for partial summary judgment and held that Canadian Pacific cannot assert the affirmative defense of a limitation of liability. Canadian Pacific has moved for reconsideration, arguing that the court committed manifest error in concluding that the shipping contract at issue is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706 ("Carmack Amendment"). Canadian Pacific asserts that the contract is governed instead by 49 U.S.C. § 10709, which, unlike the Carmack Amendment, does not require a carrier to give a shipper a reasonable opportunity to choose full liability protection.

Legal Standard

   Because the court's order regarding Canadian Pacific's affirmative defense is a non-final and non-appealable order, Canadian Pacific's motion will be considered as a request for reconsideration pursuant to the court's authority under Rule 54(b). *See* 10 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 54.22[2]; *id.* § 60.03[5].[1] Courts in this district generally apply the same standards in reconsidering their decisions under Rules 54(b) and 59(e). *See, e.g.*, *Morningware, Inc.* v. *Hearthware Home Prods., Inc.*, No. 09 CV 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) (citing *Sunrise Opportunities, Inc.* v. *Regier*, No. 05 CV 2825, 2006 WL 581150, at *4 n.5 (N.D. Ill. Mar. 7, 2006)). The problems warranting the grant of a motion to reconsider are rare. *See, e.g.*, *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). The motion is appropriate, however, where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the

| STATEMENT |
|---|

Court." *Id.* (citation omitted) (internal quotation marks omitted). A motion to reconsider "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Cnty. of McHenry* v. *Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted).

Analysis

      Canadian Pacific admits that the argument presented in its motion for reconsideration was not previously presented to the court. In response to Siemens's motion for summary judgment, Canadian Pacific argued (1) that the Carmack Amendment did not apply because the shipment originated outside the United States, and (2) that transformer TP 765 was transported under an *exempt* contract with a valid limitation of liability as required by the Carmack Amendment. Canadian Pacific's brief did not reference § 10709, which governs *nonexempt* transportation that is subject to the jurisdiction of the Surface Transportation Board. Nor did Canadian Pacific cite the two cases it now relies on in its motion. A party's failure to develop an argument constitutes a waiver of that claim, as "[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *United States* v. *Hook*, 195 F.3d 299, 310 (7th Cir. 1999) (quoting *Kauthar SDN BHD* v. *Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998)). Canadian Pacific has not explained why it did not make this argument on the first go-around, and the court is not inclined to allow Canadian Pacific to make it now. *See Cnty. of McHenry*, 438 F.3d at 819.

      Moreover, after reviewing Canadian Pacific's original summary judgment brief and the relevant legal authorities, the court concludes that it was not manifest error to grant Siemens's motion for summary judgment. The motion for reconsideration focuses on the court's attempt to address Canadian Pacific's assertion, during summary judgment briefing, that "[e]lectrical transporters [such as TP 765] are among the commodities which have been exempted from regulation." Def.'s Resp. to Pl.'s Mot. for Sum. Jgmt. at 7. In support of this assertion, Canadian Pacific's brief cited a section of the Surface Transportation Board's regulations that does not exist. *See id.* (citing 49 C.F.R. § 1039.1.) The court concluded, after reviewing what appeared to be the correct regulation, that Canadian Pacific was arguing, in part, that the transformer at issue was not subject to the Carmack Amendment because it was "exempt" from regulation. *See* 49 C.F.R. § 1039.11(a) (listing commodities that are "exempt from the provisions of 49 U.S.C. subtitle IV," which includes the Carmack Amendment). Accordingly, in footnote 6 of its opinion, the court rejected the argument that the transformer is exempt from the Carmack Amendment on the grounds that the regulation provides that "[e]lectrical machinery, equipment or supplies *except* . . . [p]ower . . . transformers" are exempt. Opinion & Order at 7 n.6.

      What footnote 6 fails to take into account is that other courts have indicated that the Carmack Amendment applies *only* to "exempt" shipments. *See, e.g.*, *Regal-Beloit Corp.* v. *Kawasaki Kisen Kaisha Ltd.*, 557 F.3d 985, 999–1001 (9th Cir. 2009), *rev'd on other grounds Kawasaki Kisen Kaisha Ltd.* v. *Regal-Beloit Corp.*, — U.S. —, 130 S. Ct. 2433, 177 L. Ed. 2d 424 (2010); *Sompo Japan Ins. Co. of Am.* v. *Norfolk S. Ry. Co.*, 540 F. Supp. 2d 486, 494 (S.D.N.Y. 2008) (Chin, J.). Under the Interstate Commerce Act's statutory scheme, "exempt" transportation is still subject to Carmack liability protection because Congress expressly precluded the Surface Transportation Board from exempting carriers from their obligation to provide contractual terms for liability that are consistent with Carmack. *See* 49 U.S.C. § 10502(e). "[N]on-exempt" shipments, on the other hand, are governed by 49 U.S.C. § 10709 and are not subject to the Carmack Amendment. *See Regal-Beloit Corp.*, 557 F.3d at 1000. Thus, if transformer TP 765 is *not* an exempt commodity under 49 C.F.R. § 1039.11, it is possible that § 10709, rather than the Carmack Amendment, governs the shipping contract.

      This subtlety is not clear from the text of the regulation relating to exempt commodities or the other

## STATEMENT

sources cited by Canadian Pacific in its summary judgment brief.[2] Moreover, the statute provides "little guidance on how to identify a § 10709 contract," and "[c]ourts have varied wildly on how [§ 10709] and Carmack work together." *Sompo*, 540 F. Supp. 2d at 495 (citing cases). The law regarding how to identify a § 10709 contract is evolving. *See Babcock & Wilcox Co.* v. *Kansas S. Ry. Co.*, 557 F.3d 134, 146 (3d Cir. 2009) ("We note the difficulties faced by district courts in the absence of a simple statutory or regulatory test for identifying a § 10709 contract. The few courts that have faced the issue seem to approach it differently."); *Regal-Beloit*, 557 F.3d at 1001 ("The parties' confusion is understandable, given the muddled state of the law." (quotations and citation omitted)). The court is aware of no case in this circuit that addresses the issue of how to identify a § 10709 contract. Moreover, Canadian Pacific asserts that the § 10709 contract at issue comprises four separate agreements with Siemens and its intermediaries. Canadian Pacific's request that the court delve into complicated legal and factual issues relating to whether the contract is governed by § 10709 comes too late.

In addition, the factual record is insufficiently developed to allow the court to conduct even a preliminary assessment of the merits of Canadian Pacific's position. Canadian Pacific asserts that the court "held that Canadian Pacific and Siemens had a contract for rail transportation for non-exempt traffic." Def.'s Mot. for Reconsideration ¶ 7. This overstates the significance of footnote 6. That the transformer does not fall under the miscellaneous commodity exemption does not necessarily lead to the conclusion, urged by Canadian Pacific, that TP 765 was "non-exempt traffic." It is possible that Canadian Pacific's services fell under some other exemption that was not discussed by the parties. For example, under 49 C.F.R. § 1090.2, container on flatcar rail service is exempt from regulation so long as it is part of "continuous intermodal freight movement." Because neither party raised the issue, however, the record does not make clear whether this exemption applies. Given Canadian Pacific's failure to raise the significance of the exemption issue when it had the opportunity, the court is unwilling to draw this inference in Canadian Pacific's favor. The court will not reconsider its decision to grant Siemens's motion for partial summary judgment solely because of any confusion that may arise from footnote 6. Canadian Pacific's motion for reconsideration will be denied.

---

1. Canadian Pacific requests relief under Rule 60(b), but that rule governs the amendment or alteration of *final* judgments and orders. Rule 54(b) provides that the court can reconsider an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

2. Justice Sotomayor's dissent in *Kawasaki* briefly touches on the issue. *See* 130 S. Ct. at 2462–64 ("I am persuaded by the Government's view that because the Board's order in 49 CFR § 1090.2 exempted intermodal rail transportation from all of Part A of the [Interstate Commerce Act], which includes 49 U.S.C. § 10709, Union Pacific could not properly enter into a contract under Section 10709 to relieve it of its obligations under Section 10502(e)" to offer liability claims consistent with the Carmack Amendment. (internal quotations omitted)). Canadian Pacific relied only on the majority opinion in its summary judgment brief and does not now cite the dissent in support of its motion for reconsideration.